IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

A.M., through her Guardian ad Litem,
JOLEEN YOUNGERS,

    Plaintiff,
v.

                                                                                    CV 13-0692 JB/WPL

NEW MEXICO DEPARTMENT OF HEALTH;
LOS LUNAS CENTER FOR PERSONS WITH
DEVELOPMENT DISABILITIES;
ROGER ADAMS, individually and in his capacity
as an agent for the New Mexico Department of Health;
BETH SCHAEFER, individually and in her capacity
as an agent for the New Mexico Department of Health;
DAN SANDOVAL, individually and in his capacity
as an agent for the New Mexico Department of Health;
JOSEPH MATEJU, individually and in his capacity
as an agent for the New Mexico Department of Health;
NEW MEXICO AGING AND LONG-TERM SERVICES
DEPARTMENT; and THE ADULT PROTECTIVE
SERVICES DIVISION OF NEW MEXICO AGING
AND LONG-TERM SERVICES DEPARTMENT,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

        The parties seek the Court's approval of the settlement agreement negotiated on behalf of A.M. I reviewed the Report of Guardian ad Litem for A.M. ("the Report") (Doc. 164) and held a Fairness Hearing on February 11, 2016. For the reasons explained below, I conclude that the settlement is fair and recommend that the Court approve the settlement as proposed.

The Report prepared by the Guardian ad Litem ("GAL") is thorough and details the history of this case. Additionally, the Court has previously detailed the factual and procedural history of this case. (*See, e.g.*, Docs. 156 and 157.) I do not repeat that history here.

With regard to the annuity that the Defendants will purchase on behalf of A.M., the parties request that the following language be included in the final Order approving the settlement agreement:

> The up-front amount of $246,420.43 should be made payable to the Trust Account of the Law Offices of Nancy L. Simmons, for distribution as represented to this Court in the Guardian ad Litem's Report and at the fairness hearing on February 11, 2016. The Law Offices of Nancy L. Simmons has the discretion to negotiate and pay all fees, costs, and liens.
>
> The remaining amount of $103,579.57 to be distributed shall be used to pay an annuity assignment fee of $750.00 and the remainder of $102,829.57 to purchase an annuity that will provide future periodic payments which the Defendant has agreed to purchase for the Plaintiff.
>
> Those Periodic Payments shall be made as follows:
>
>> Beginning 3/1/2016, $715.00 payable monthly to Adela M. Trust (payee), only if the Annuitant is living, for a maximum of 18 years and 3 months. Payments will cease upon the earlier of the Payee's death or the end of the 18 year and 3 month period.
>
> No beneficiary is payable upon the death of the Annuitant.
>
> All sums set forth herein constitute damages on account of personal physical injuries or sickness within the meaning of 104(a)(2) of the Internal Revenue Code of 1986, as amended.
>
> The obligation for these payments may be assigned to MetLife Tower Resources Group, Inc. and funded by an annuity from Metropolitan Life Insurance Company, an A.M. Best A+, Class 15 rated life insurance carrier

I have reviewed the Report and the proposed settlement. I find that the proposed settlement meets the five factors set out in *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322 (10th Cir. 1984), that the court considers when deciding whether to approve the settlement of a case. These factors are: "(1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in

doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; . . . (4) the judgment of the parties that the settlement is fair and reasonable"; and (5) whether the settlement is in the best interests of the plaintiff. *Id.* at 324.

I conducted the settlement conference in this case and spent several hours with the parties. After almost three hours of settlement conference negotiations, the parties were close to a settlement but needed final authority to accept: the parties contacted chambers within two days to inform the Court that they had reached agreement. (*See* Doc. 159.) Having been personally present and involved in the settlement negotiations, I find that he proposed settlement agreement was honestly and fairly negotiated at a settlement conference I held on December 8, 2015.

Though the Court has ruled on several dispositive motions in this case, there remain a pending motion for remand (Doc. 108) and a pending motion to dismiss for failure to state a claim (Doc. 116). There is not a trial setting in this case and it is likely that the parties would file additional dispositive motions. As noted in the Report, the outcome of this litigation is highly uncertain. Accordingly, I find that there are disputed issues of fact and law which would require extensive motion practice and place the outcome of the litigation in question.

A.M. is seventy years old and suffers from severe cognitive disabilities. This case has been pending for over two years. The Report suggests that "continued litigation could have an adverse impact on A.M." (Doc. 164 at 10.) Litigation is extraordinarily stressful. Given the circumstances, the value of an immediate recovery for A.M. outweighs the possibility that A.M. would obtain greater relief by continuing the litigation.

I have reviewed the Report and the proposed disposition of the settlement funds. Counsel and the GAL represented at the Fairness Hearing that attorney and GAL fees are likely to be

reduced. Additionally, the Medicare lien is likely to be less substantial than anticipated. The plan to manage settlement funds will not impact A.M.'s eligibility for other services. I find that the settlement proposed by the parties is fair and reasonable in its effect.

The proposed settlement would net $715.00 to A.M. on a monthly basis. While state services supply for most of A.M.'s needs, the settlement money will go to improve her quality of life. Having evaluated the proposed settlement agreement, other circumstances in the case, and the status of this litigation, I find that the proposed settlement agreement is in A.M.'s best interests.

Based on the foregoing, I recommend that the Court find the five *Jones* factors are satisfied and that the Court approve the proposed settlement agreement.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

---

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.